UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARLIN L. MANLEY, | Case No. 13-13877 |
| Plaintiff, | Terrence G. Berg |
| v. | United States District Judge |
| LNU, et al., | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 24)**

**I.     PROCEDURAL HISTORY**

Plaintiff Marlin L. Manley, a former state prisoner, filed a *pro se* prisoner civil rights complaint on September 11, 2013, against defendants Corizon Health, Inc. ("Corizon")[1] and an "Unknown Surgeon," in their individual capacities.  (Dkt. 1).  Plaintiff claims deliberate indifference to his serious medical needs, alleging that while he was incarcerated at G. Robert Cotton Correctional Facility in Jackson, Michigan, he suffered from varicose veins and a doctor prepared a referral for vein repair surgery, but that "[t]he unknown surgeon deferred surgery with the alternative plan stating no medical surgery necessary for vein repair surgery and to continue to wear support stockings and walk." (*Id.*).  This matter

---

[1] Corizon asserts in its Answer to plaintiff's complaint that it was misidentified in the Complaint as "Corizon Healthcare of Michigan" instead of Corizon Health, Inc.  (Dkt. 19).

1

was referred to the undersigned for all pretrial proceedings. (Dkt. 10). Defendant Corizon was served with plaintiff's complaint on November 13, 2013 (Dkt. 16), and filed an answer, with affirmative defenses, on December 4, 2013. (Dkt. 19). Dr. Harriet Squier, M.D., was subsequently substituted in place of the "Unknown Surgeon" and served with plaintiff's complaint. (Dkt. 34, 35, 36, 38). Dr. Squier filed her answer with affirmative defenses on April 7, 2014. (Dkt. 40).

Plaintiff filed a motion for summary judgment on December 16, 2013. (Dkt. 24). On February 28, 2014, defendants were granted an extension of time to file a response to plaintiff's motion. (Dkt. 34). Defendants filed their response on April 24, 2013. (Dkt. 41).[2] On April 28, 2014, plaintiff filed a reply brief in support of his motion. (Dkt. 32). This matter is now ready for report and recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**.

## II.     FACTUAL BACKGROUND

Plaintiff alleges that while he was incarcerated at G. Robert Cotton Correctional Facility in Jackson, Michigan, he suffered from varicose veins, and that he had been provided with pain and blood circulation medications, support

---

[2] Defendants filed a second response on April 25, 2014, which appears to be essentially identical to the first response brief, aside from some stylistic differences. (Dkt. 42). For purposes of this Report and Recommendation, the Court will rely on the first filed response brief, Dkt. 41.

stockings, and an ace bandage when the support stockings no longer were effective. (Dkt. 1, Pg ID 2). Plaintiff claims that there came a time when none of these items were effective and that Dr. Miles and a nurse practitioner determined that he needed vein repair surgery and therefore prepared a referral for surgery. (*Id.*). However, an "unknown surgeon [Dr. Squier] deferred surgery with [an] alternative plan stating no medical surgery [was] necessary for vein repair surgery and to continue to wear support stockings and walk." (*Id.*). Plaintiff alleges that Dr. Squier disregarded information that support stockings were no longer effective and that due to severe pain and swelling, plaintiff was experiencing decreased ability to ambulate and perform activities of daily living. (*Id.*).

### III.   DISCUSSION

####   A.   Standard of Review

Summary judgment is appropriately rendered "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Pahssen v. Merrill Cmty. Sch. Dist.*, 668 F.3d 356, 362 (6th Cir. 2012), *cert. denied*, 133 S. Ct. 282 (2012). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law." *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Adams v. Hanson*, 656 F.3d 397, 401 (6th. Cir. 2011).

A party asserting that a fact cannot be genuinely disputed must support the assertion as specified in Rule 56(c)(1). Once the movant establishes the lack of a genuine issue of material fact, the burden of demonstrating the existence of such an issue shifts to the non-moving party to come forward with "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. Fed. R. Civ. P. 56(e)(2), (3); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see also Donald v. Sybra, Inc.*, 667 F.3d 757, 760-61 (6th Cir. 2012).

A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). The moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden–the plaintiff on a claim for relief or the defendant on an affirmative defense–his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Court of Appeals has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET. AL. MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*, 270 F.3d at 1056. Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### B.    The Parties' Arguments

Plaintiff asserts that he has been diagnosed with varicose veins and that a physician recommended that he have vein repair surgery, due to his severe pain, decreased blood circulation, and swelling in his lower leg.  Plaintiff argues that defendants were informed that plaintiff was experiencing these symptoms, and that support stockings and walking were no longer effective, but still refused to schedule plaintiff for vein repair surgery.  Plaintiff asserts that he was denied vein repair surgery for 21 months, and that he suffered detrimental effects from the denial of surgery.  Plaintiff further argues that Corizon is liable for its failure to train, supervise and control its personnel.  In support of his motion, plaintiff relies on his affidavit, record excerpts from the treatment he received while incarcerated in the Michigan Department of Corrections, and an excerpt of records from a hospital visit dated November 13, 2013, after plaintiff was released from prison. (Dkt. 24, Pg ID 62-72).

Defendants respond that plaintiff's motion for summary judgment should be denied because his own allegations reflect that he received medical care and that he simply disagrees with the course of treatment provided.  Defendants argue that plaintiff has failed to produce any evidence to support any claim against Dr. Squier or Corizon, as plaintiff has stated that he was repeatedly evaluated and treated for his varicose veins, and his sole complaint is that the response to a

6

consultation request for evaluation of his varicose veins in January 2012 suggested an alternate treatment plan and not the surgery plaintiff desired. Defendants contend that while plaintiff disagrees with the alternate treatment plan recommended by Dr. Squier, and asserts that, in his opinion, he should have received surgery for his varicose veins instead, this disagreement does not amount to a constitutional violation. Rather, plaintiff's allegations that defendants did not offer appropriate treatment sounds in medical negligence, which does not rise to the level of an Eighth Amendment violation. Defendants argue that plaintiff therefore has not met his burden for summary judgment against defendants.

Defendants also argue that plaintiff has failed to establish a policy, practice or custom in violation of his constitutional rights. In fact, according to defendants, the record is absent of any evidence that defendant Squier, or any other Corizon medical provider, acted pursuant to an unconstitutional policy, procedure or custom. Plaintiff instead only makes vague and unsupported allegations concerning an alleged "failure to train and supervise," which defendants contends are insufficient to afford him summary judgment here. Defendants thus argue that plaintiff's motion for summary judgment should be denied.

C.  **Analysis and Conclusions**

Under the Eighth Amendment, prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Estelle v. Gamble*, 429 U.S.

97, 103-04 (1976). A deliberate indifference claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.'" *Comstock*, 273 F.3d at 702. Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded the risk." *Id.* at 703; *Farmer*, 511 U.S. at 837. In other words, this prong is satisfied when a prison official acts with criminal recklessness, *i.e.*, when he or she "consciously disregard[s] a substantial risk of serious harm." *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994) (citing *Farmer*, 511 U.S. at 839-40). "Basically, there must be a knowing failure or refusal to provide urgently needed medical care which causes a residual injury that could have been prevented with timely attention." *Lewis v. Corr. Med. Servs.*, 2009 WL 799249, at *2 (E.D. Mich. Mar. 24, 2009).

Deliberate indifference to medical needs may be established by showing an interruption of a prescribed plan of treatment, or a delay in medical treatment. *Estelle*, 429 U.S. at 103-04; *Caldwell v. Moore*, 968 F.2d 595, 602 (6th Cir. 1992). However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess

medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Lyons v. Brandly*, 430 Fed. Appx. 377, 380-81 (6th Cir. 2001) ("[T]he fact that alternative procedures might have better addressed [a prisoner's] particular needs does not show that the [defendants were] deliberately indifferent to his medical needs.") (internal quotation marks and citations omitted), *cert. denied*, 132 S. Ct. 1721 (2012).

### 1. Dr. Squier

The crux of plaintiff's claim is not that defendants wholly failed to treat him or failed to base their treatment regimen on medical judgment, but rather that he was not provided surgery for his varicose veins. By plaintiff's own admission, defendants "[f]or years" provided plaintiff "with pain and blood circulation medications, support stockings, and an ace bandage when the support stockings were no longer effective due to him having very bad varicose veins." (Dkt. 1, Pg ID 2). Plaintiff further alleges that "Dr. Miles and an [sic] nurse practitioner determined that he needed vein repair surgery and therefore prepared an [sic] referral" but that Dr. Squier "deferred surgery with the alternative plan stating no medical surgery necessary for vein repair surgery and to continue to wear support stockings and walk." *Id.*; (*see also* Dkt. 24, Pg ID 57-59, 62). In support of his motion, plaintiff attaches his affidavit, which mirrors the allegations in his

9

complaint and states that he "continue[s] to experience severe pain, blood circulation, and swelling until he was released from prison which was 20 months later." (Dkt. 24, Pg ID 62). He also attaches excerpts from his MDOC medical records dated October 11, 2011 and January 10, 2012, describing treatment for plaintiff's complaints of varicose veins and leg pain (Dkt. 24, Pg ID 64-66), as well as Kite responses dated February 14, 2012 and June 14, 2012, and a Step II grievance response dated July 26, 2012, regarding his treatment. (Dkt. 24, Pg ID 67-69, 72). Finally, plaintiff attached unauthenticated excerpts from an emergency room visit on November 9, 2013, after he was released from prison, regarding plaintiff's varicose veins and recommending that plaintiff avoid standing or sitting for long periods of time, elevating his legs, exercising, and wearing support stockings, and that plaintiff make an appointment with the Vascular Surgery Clinic within five days. (Dkt. 24, Pg ID 70-71). As defendants note, this is the same treatment prescribed when plaintiff was incarcerated. In any event, because these hospital records are unauthenticated, the Court cannot consider those documents as part of the summary judgment analysis. *See Alexander v. CareSource*, 576 F.3d 551, 561 (6th Cir. 2009) (considering a district court's refusal to consider unauthenticated or otherwise inadmissible documents and concluding "it would have been improper for the district court to consider documents that were not admissible in evidence").

Plaintiff's summary judgment evidence reflects treatment for plaintiff's varicose veins and that plaintiff disagreed with the treatment, but fails to demonstrate an entitlement to summary judgment. At most, plaintiff points out his disagreement with defendants regarding his medical care and the need for surgery. The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake*, 537 F.2d at 860 n. 5. This action falls into the latter category. "[W]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Graham ex rel. Estate of Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 385 (6th Cir. 2004) (quoting *Westlake*, 537 F.2d at 860, n. 5). While plaintiff disagrees with Dr. Squier's medical judgment and desired to have treatment contrary to that judgment, this disagreement does not rise to the level of a federal constitutional claim. *See Lyons*, 430 Fed. Appx. at 380-81. Viewing the facts in the light most favorable to defendants, the evidence submitted by plaintiff does not establish that he was denied medical treatment or that Dr. Squier acted with a sufficiently culpable state of mind to violate plaintiff's Eighth Amendment rights. Plaintiff has not made a showing sufficient for the Court to hold that no reasonable trier of fact could find

other than for plaintiff. Accordingly, plaintiff has not met his burden for summary judgment and his motion should be denied.

### 2. Corizon

It is well-settled law that a corporate defendant, such as Corizon, cannot be held vicariously liable under 42 U.S.C. § 1983 for the acts or omissions of its employees. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) (plaintiff cannot premise the liability of a corporate defendant on the theory of *respondeat superior*). Rather, to hold Corizon liable under § 1983, plaintiff is required to come forward with evidence that an unconstitutional Corizon policy, custom or practice was the proximate cause of his injuries. *Monell*, 436 U.S. at 694; *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993) (recognizing that a private corporation may be held liable under § 1983 when acting under color of law). Regarding private contractors employed by a state, such as Corizon, "liability only attaches where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights." *See Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012). "Since such bodies can act only through natural persons, the critical question is whether the person committing the act did so pursuant to official policy." *Baar v. Jefferson Cnty. Bd. of Educ.*, 476 Fed. Appx. 621, 636 (6th Cir.

2012) (internal quotation marks omitted).

Here, plaintiff has alleged that Corizon failed to properly train or supervise its medical providers. (Dkt. 1, Pg ID 3). Corizon may be held liable for a constitutional violation based on the failure to train its employees if (1) "the failure to train amounts to deliberate indifference to the rights of persons with whom the [employees] come into contact;" and (2) "the deficiency in training actually caused indifference to [the plaintiff's] medical needs." *City of Canton v. Harris*, 489 U.S. 378, 391 (1989); *Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 996 n.8 (6th Cir. 1994). A failure-to-train claim requires a showing of "'prior instances of unconstitutional conduct demonstrating that the [contractor] ha[d] ignored a history of abuse and was clearly on notice that the training in this particular area was deficient and likely to cause injury.'" *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)); *see also Hamer v. Cnty. of Kent*, 2014 WL 1276563, at *6 (W.D. Mich. Mar. 27, 2014) ("Put another way, the mere failure to train employees, standing alone, is not actionable under section 1983."). Plaintiff thus must point to more than "an isolated, one-time event" to prove that Corizon had a policy of inadequate training. *See Jackson v. Wilkins*, 517 Fed. Appx. 311, 321 (6th Cir. 2013) (citing *Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999)). He must provide evidence, rather than mere allegations, of "prior

instances of unconstitutional conduct." *Id.* (citing *Miller*, 606 F.3d at 255).

First, as discussed above, plaintiff has failed to establish that his constitutional rights were violated. The record shows that plaintiff received treatment while in custody and plaintiff acknowledges the same. Where plaintiff cannot prove that there was an Eighth Amendment violation by the medical treaters, there is no basis for claiming that the treater's employer, here Corizon, had an unconstitutional policy. *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the municipal defendants cannot be held liable under § 1983.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)); *see also Blau v. Prison Health Servs., Inc.*, 2013 WL 4829308, at *19 (W.D. Mich. Sept. 10, 2013) ("Where plaintiff cannot prove that there was an Eighth Amendment violation by the medical treaters, there is no basis for claiming that the treater's employer, PHS, had an unconstitutional policy.").

Second, plaintiff has failed to demonstrate that defendants acted pursuant to an unconstitutional policy, procedure or custom. Absent evidence that Corizon policymakers actually knew of an unconstitutional policy, custom or practice, plaintiff was required to demonstrate a widespread or significant practice that could support a reasonable inference of constructive knowledge. *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989). Plaintiff generally alleges that

14

Corizon failed to train and supervise Dr. Squier, but he fails to meet his burden to show a preexisting pattern of constitutional violations by Corizon employees that should have alerted Corizon of a need for more training or different policies, or that policy-makers knew that a failure to further train or supervise its medical personnel was resulting in deliberate indifference in the treatment of varicose veins.  Plaintiff's complaint and motion are devoid of any references to a pattern of similar constitutional violations by untrained medical personnel, such that Corizon's decision not to train them could amount to deliberate indifference. Plaintiff simply has not made a showing sufficient for the court to hold that no reasonable trier of fact could find other than for plaintiff.  Plaintiff therefore has not met his burden on summary judgment and his motion for summary judgment should be denied.

### IV.  RECOMMENDATION

For the reasons set forth above, plaintiff's motion for summary judgment should be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and*

*Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: May 14, 2014                         s/Michael Hluchaniuk
                                           Michael Hluchaniuk
                                           United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on <u>May 14, 2014</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Kimberley A. Koester, Ronald W. Chapman </u>, and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): <u>Marlin L. Manley, 7532 Dexter, Detroit, MI 48208</u>.

                                                      <u>s/Tammy Hallwood</u>
                                                      Case Manager
                                                      (810) 341-7887
                                                      tammy_hallwood@mied.uscourts.gov