UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLIN MANLEY,

      Plaintiff,

    v.                          Case No. 13-13877

CORIZON HEALTHCARE,           HON. TERRENCE G. BERG
AND HARRIET SQUIER, M.D.,     HON. MICHAEL J. HLUCHANIUK


      Defendants.

_____/

**ORDER ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION (DKT. 44) AND DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT (DKT. 24)**

This matter is before the Court on Magistrate Judge Michael J. Hluchaniuk's

May 14, 2014 Report and Recommendation (Dkt. 44), recommending that Plaintiff

Marlin Manley's motion for summary judgment (Dkt. 24) be denied.

The Court has reviewed the Magistrate Judge's Report and Recommendation.

The law provides that either party may serve and file written objections "[w]ithin

fourteen days after being served with a copy" of the report and recommendations.

28 U.S.C. § 636(b)(1).  Under this rule, Plaintiff's objections were due on or before

June 2, 2014.  On June 4, 2014, Plaintiff filed objections (Dkt. 45) two days late.

Plaintiff states in his objections that he filed them late because he was hospitalized

with a broken bone.  The Court accepts Plaintiff's explanation for his tardy filing,

and will review Plaintiff's objections on the merits.  The district court will make a

"*de novo* determination of those portions of the report . . . to which objection is made." *Id.*

Magistrate Judge Hluchaniuk accurately stated Plaintiff's claims in this lawsuit as follows:  Plaintiff alleges that while he was incarcerated at G. Robert Cotton Correctional Facility in Jackson, Michigan, he suffered from varicose veins, and that he had been provided with pain and blood circulation medications, support stockings, and an ace bandage when the support stockings no longer were effective (Dkt. 1).  Plaintiff claims that there came a time when none of these treatments were effective and that Dr. Miles and a nurse practitioner determined that he needed vein repair surgery and therefore prepared a referral for surgery (*Id.*). However, an "unknown surgeon [later identified as Dr. Squier] deferred surgery with [an] alternative plan stating no medical surgery [was] necessary for vein repair surgery and to continue to wear support stockings and walk" (*Id.*). Plaintiff alleges that Dr. Squier disregarded information that support stockings were no longer effective and that due to severe pain and swelling, Plaintiff was experiencing decreased ability to ambulate and perform activities of daily living (*Id.*).

Plaintiff filed a motion for summary judgment (Dkt. 24), arguing that Defendants Dr. Squier and Corizon Health (Dr. Squier's employer) were informed that Plaintiff was experiencing severe pain, decreased blood circulation, and swelling, and that support stockings and walking were no longer effective, but still refused to schedule Plaintiff for vein repair surgery.  Plaintiff asserts that he was denied vein repair surgery for 21 months, and that he suffered detrimental effects

from the denial of surgery.  Plaintiff further argues that Corizon is liable for its

failure to train, supervise and control its personnel.  In support of his motion,

Plaintiff relies on his affidavit, record excerpts from the treatment he received while

incarcerated in the Michigan Department of Corrections, and an excerpt of records

from a hospital visit dated November 13, 2013, after Plaintiff was released from

prison (Dkt. 24, Pg ID 62-72).

Defendants responded that Plaintiff's motion for summary judgment should

be denied because his own allegations reflect that he received medical care and that

he simply disagrees with the course of treatment provided.  Defendants argue that

Plaintiff has failed to produce any evidence to support any claim against Dr. Squier

or Corizon, as Plaintiff has stated that he was repeatedly evaluated and treated for

his varicose veins.  Defendants contend that, while Plaintiff disagrees with the

alternate treatment plan recommended by Dr. Squier, and asserts that, in his

opinion, he should have received surgery for his varicose veins instead, this

disagreement does not amount to a constitutional violation.  Rather, Defendants

maintain that Plaintiff's allegations of their failure to  provide appropriate

treatment sound in medical negligence, which does not rise to the level of an Eighth

Amendment violation.  Consequently, Defendants argue that Plaintiff has failed to

carry his burden for summary judgment against Dr. Squier. Defendants further

argue that Plaintiff has failed to establish a policy, practice or custom in violation of

his constitutional rights.  Accordingly, Defendants contend that Plaintiff is not

entitled to summary judgment against Corizon.

Magistrate Judge Hluchaniuk agreed with Defendants, and recommended that Plaintiff's motion for summary judgment be denied.  Plaintiff's objections argue that Magistrate Judge Hluchaniuk misinterpreted Plaintiff's claims.  Plaintiff states, essentially, that Magistrate Judge Hluchaniuk improperly focused on the treatment that Plaintiff actually received (from Dr. Miles and a nurse practitioner), rather than on Dr. Squier's decision not to approve Plaintiff's vein surgery.  However, this objection overlooks the fact that Dr. Squier's decision "deferred surgery with the alternative plan stating no medical surgery necessary for vein repair surgery and to continue to wear support stockings and walk." (Dkt. 24, Pg ID 57-59, 62).  In other words, Plaintiff's objections ignore that Dr. Squier prescribed an alternate course of treatment.

Magistrate Judge Hluchaniuk correctly observed that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are reluctant to second guess judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976); *see also Lyons v. Brandly*, 430 Fed. Appx. 377, 380-81 (6th Cir. 2001) ("[T]he fact that alternative procedures might have better addressed [a prisoner's] particular needs does not show that the [defendants were] deliberately indifferent to his medical needs.") (internal quotation marks and citations omitted), cert. denied, 132 S. Ct. 1721 (2012).  In reviewing the record available here, it is clear that the evidence simply does not establish a complete absence of material fact, sufficient to grant summary judgment in Plaintiff's favor.  Rather, this case

appears to involve a disagreement over the course of treatment prescribed by Dr. Squier.  While Plaintiff disagreed with Dr. Squier's medical judgment, and desired to have treatment contrary to that judgment, this disagreement does not support entry of summary judgment on the issue of whether the treatment given violated the Eighth Amendment's guarantee against cruel and unusual punishment.

Likewise, Plaintiff is not entitled to summary judgment against Defendant Corizon.  First, as discussed above, Magistrate Judge Hluchaniuk correctly concluded that Plaintiff has failed to establish that his constitutional rights were violated.  The record shows that Plaintiff received treatment while in custody and Plaintiff acknowledges the same.  Where Plaintiff cannot prove that there was an Eighth Amendment violation by the medical treaters, there is no basis for claiming that the treater's employer, here Corizon, had an unconstitutional policy.  *See Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001) ("If no constitutional violation by the individual defendants is established, the [supervisory] defendants cannot be held liable under § 1983.")   Second, Plaintiff has failed to demonstrate that Defendants acted pursuant to an unconstitutional policy, procedure or custom.  Absent evidence that Corizon policymakers actually knew of an unconstitutional policy, custom or practice, Plaintiff was required to demonstrate a widespread or significant practice that could support a reasonable inference of constructive knowledge.  *See Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1247 (6th Cir. 1989).  Plaintiff has not done so.

Accordingly, for the reasons set forth above, Plaintiff's objections to

Magistrate Judge Hluchaniuk's report and recommendation are **OVERRULED**,

and Plaintiff's motion for summary judgment is **DENIED.**

**SO ORDERED.**


Dated:  September 15, 2014                s/Terrence G. Berg
                                          TERRENCE G. BERG
                                          UNITED STATES DISTRICT JUDGE


### Certificate of Service

I hereby certify that this Order was electronically submitted on September
15, 2014, using the CM/ECF system, which will send notification to all parties, and
unrepresented parties were served via postal mail to their address of record.

                                          s/A. Chubb
                                          Case Manager